IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| RALPH S. WILLIAMS, | | |
| | Petitioner, | No. 2:11-cv-1503 LKK KJN P |
| vs. | | |
| R. HILL, Warden, | | |
| | Respondent. | FINDINGS & RECOMMENDATIONS |
| _____/ | | |

I. Introduction

Petitioner is a state prisoner, proceeding without counsel, with an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the court is respondent's motion to dismiss the pending habeas petition as barred by the statute of limitations. Petitioner filed an opposition to the motion. No reply was filed. For the reasons set forth below, the undersigned recommends that respondent's motion be granted.

II. Legal Standards

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

1

      (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

      (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

III. Chronology

      For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

      1. On January 28, 2003, petitioner pled no contest to first degree robbery, and admitted a number of sentencing enhancements. (Respondent's Lodged Document ("LD") 1.) Petitioner was sentenced to a determinate state prison term of sixteen years. (LD 1.) Petitioner did not appeal the conviction.

      2. On May 27, 2003,[1] petitioner filed a petition for writ of habeas corpus in the El Dorado County Superior Court. (LD 2.) The petition was denied on August 7, 2003. (LD 3.)

      3. On January 2, 2004, petitioner filed a petition for writ of habeas corpus in the

---

[1] All of petitioner's petitions for post-conviction relief have been given the benefit of the mailbox rule. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

California Court of Appeal, Third Appellate District.  (LD 4.)  The petition was denied on January 8, 2004.  (LD 5.)

4. On January 20, 2004, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (LD 6.)  On June 17, 2004, petitioner filed a supplemental petition for writ of habeas corpus in the California Supreme Court.  (LD 7.)  On December 15, 2004, the petition for writ of habeas corpus was denied without comment.  (LD 6-8.)

5. On May 28, 2010, petitioner filed a petition for writ of habeas corpus in the El Dorado County Superior Court.  (LD 9.)  On July 22, 2010, the petition was denied.  (LD 10.)

6. On August 16, 2010, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District.  (LD 11.)  The petition was denied on August 19, 2010, without comment.  (LD 12.)

7. On October 2, 2010, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (LD 13.)  On April 20, 2011, the petition was denied with a citation to In re Robbins, 18 Cal.4th 770, 780 (1998).

8. Pursuant to Rule 3(d) of the Federal Rules Governing Section 2254 Cases, the instant action was constructively filed on May 31, 2011.  (Dkt. No. 1.)

IV.  Statutory Tolling

The limitation period is statutorily tolled during the pendency of "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim . . . ."  28 U.S.C. § 2244(d)(2).  A state petition is "properly filed," and qualifies for statutory tolling, if "its delivery and acceptance are in compliance with the applicable laws and rules governing filings."  Artuz v. Bennett, 531 U.S. 4, 8 (2000).  Statutory tolling is not available for a state habeas petition that is "improperly filed" because untimely under California law.  Lakey v. Hickman, 633 F.3d 782, 787 (9th Cir. 2011) (citing, inter alia, Pace, 544 U.S. at 417).  Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled -- because it is part of a single

1  round of habeas relief -- [only] so long as the filing is timely under California law." Banjo v.
2  Ayers, 614 F.3d 964, 968 (9th Cir. 2010). However, "[o]nly the time period during which a
3  round of habeas review is pending tolls the statute of limitation; periods between different rounds
4  of collateral attack are not tolled."[2] Id., (citation omitted).

5  V. Analysis

6        Initially, it appears petitioner does not contend his petition was timely-filed. (Dkt.
7  No. 17, passim.) Rather, petitioner argues he is entitled to an exception to the statute of
8  limitations bar under the miscarriage of justice and actual innocence exception. Therefore, the
9  court will first analyze the timeliness of petitioner's filing, and will then determine whether
10 petitioner is entitled to an exception.

11       Petitioner's conviction became final on March 29, 2003, sixty days after the
12 period for filing a direct appeal expired. See Cal. Rules of Court 8.308 (formerly Rule 30.1).
13 The AEDPA statute of limitations period began to run the following day, on March 30, 2003.
14 Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001). Absent tolling, petitioner's last day to
15 file his federal petition was on March 30, 2004.

16       Respondent argues that petitioner is not entitled to interval tolling from the date
17 when his conviction became final until when he filed any state habeas petition. The undersigned
18 agrees. Porter v. Ollison, 620 F.3d 952, 958 (9th Cir. 2010) ("tolling begins when the state
19 habeas petition is filed.") Petitioner did not file his first state petition until May 27, 2003.
20 Because petitioner is not entitled to tolling because no petition was pending from March 30,

---

[2] The Ninth Circuit has articulated a "two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled. First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition. If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled. If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making 'proper use of state court procedures,' and habeas review is still pending. Second, if the successive petition was not timely filed, the period between the petitions is not tolled." Banjo, 614 F.3d at 968-69 (citations and internal quotation marks omitted).

1  2003, to May 27, 2003, 58 days of the limitations period expired, and 307 days remained.

2          Petitioner is entitled to tolling during the pendency of his first state petition.  Pace,
3  544 U.S. at 414.  Thus, the statute of limitations period was tolled from May 27, 2003, until
4  August 7, 2003.  Because of this tolling, 307 days remained in the limitations period.

5          Respondent next argues that petitioner is not entitled to interval tolling because
6  the second petition filed in the California Court of Appeal was not timely filed.  Interval tolling
7  only applies to petitions that are "properly" filed in state court.  28 U.S.C. § 2244(d)(2); Nino v.
8  Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999).  Petitions that are untimely are not "properly" filed.
9  Pace, 544 U.S. at 417.

10          Where there is no clear indication from the state court as to whether the petition
11  was timely under California law, however, the federal court must itself examine the delay, and
12  determine whether the petition was filed within what California would consider a reasonable
13  period of time.  Evans v. Chavis, 546 U.S. 189, 197-98 (2006).  Even when a California state
14  habeas petition is denied on the merits, the federal court must determine whether the petition was
15  timely, if the issue of timeliness was not expressly addressed by the state court.  Id.

16          In the instant case, petitioner waited 148 days, or until January 2, 2004, to file his
17  second petition in the California Court of Appeals, making this state court petition presumptively
18  untimely.  See Evans, 546 U.S. at 201 (delay of six months was unreasonable under California
19  law); Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (delay of 91 days between first
20  petition and the date second petition filed in court of appeal unreasonable); Chaffer v. Prosper,
21  592 F.3d 1046, 1047-48 (9th Cir. 2010) (per curiam) (gaps of 115 days and 100 days rendered
22  California state habeas petitions untimely).  Accordingly, petitioner is not entitled to interval
23  tolling for his petition filed in the California Court of Appeals because the second petition was
24  not timely.  Thus, the statute of limitations period began running again on August 7, 2003.

25          However, petitioner is entitled to tolling during the pendency of the second
26  petition filed in the California Court of Appeals, the less than 30 day interval between the denial

of the second petition and the filing of the third petition, as well as the pendency of the third petition filed in the California Supreme Court. Thus, petitioner is entitled to tolling from January 2, 2004, the date the second petition was filed, through December 15, 2004, the date the California Supreme Court denied the state petition.

From August 7, 2003, to January 1, 2004, another 147 days expired. Thus, by January 1, 2004, 160[3] days remained for petitioner to file his federal petition.

Petitioner is not entitled to statutory tolling for the interval between the denial of petitioner's state habeas petition by the California Supreme Court, and the date petitioner filed another habeas petition back in the Superior Court,[4] because in pursuing his subsequent state habeas petitions, petitioner did not go from a lower state court to a higher state court. See Banjo, 614 F.3d at 968 ("Only the time period during which a round of habeas review is pending tolls the statute of limitations; periods between different rounds of collateral attack are not tolled."); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) (finding that petitioner "kicked off a new round of collateral review" when he filed a non-ascending petition in the Superior Court, and was "no longer pursuing his application for habeas relief up the ladder of the state court system")

Petitioner is also not entitled to statutory tolling for his second round of habeas petitions because petitioner made no argument in his second petition regarding why the Superior Court should reconsider his claims. Under these circumstances, the second state habeas petition filed in the Superior Court cannot be considered to be an attempt to correct deficiencies of the first petition. See Hemmerle v. Schriro, 495 F.3d 1069, 1076 (9th Cir. 2007) (petitioner was not entitled to interval tolling between post-conviction petitions in superior court because second petition did not "correct" or "remediate deficiencies" in first petition); King v. Roe, 340 F.3d

---

[3] 307 days remained, less 147 days, equals 160 days.

[4] Petitioner's May 28, 2010 petition for writ of habeas corpus filed in the El Dorado County Superior Court raised new issues not contained in the first round of habeas petitions, and is therefore considered a second round of habeas review. Banjo, 614 F.3d at 968.

821, 823 (9th Cir. 2003) (petitioner was not entitled to interval tolling between habeas corpus petitions because his later-filed series of petitions "made no attempt to correct his prior petition, and therefore were not offered simply to remediate deficiencies"), abrogated on other grounds by Evans, 546 U.S. at 189.  Therefore, petitioner's second state habeas petition filed in the Superior Court, as well as all of his subsequently-filed state court habeas petitions, had no effect on the limitations period.

Accordingly, the statute of limitations period continued to run from December 16, 2004, until 160 days elapsed, on May 25, 2005.  State habeas petitions filed after the one-year statute of limitations period has expired do not revive the statute of limitations, and have no tolling effect.  See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).  Although the statute of limitations period expired on May 25, 2005, petitioner did not file the instant petition until May 31, 2011.  Thus, this action is time-barred unless petitioner can demonstrate he is entitled to equitable tolling or some other exception to the limitations bar.

VI.  Equitable Tolling

Neither party addressed the issue of equitable tolling.

In Holland v. Florida, 130 S. Ct. 2549, 2560, 2562, 2564 (2010), the Supreme Court recognized that the AEDPA statute of limitations "may be tolled for equitable reasons" when the petitioner has made a showing of "extraordinary circumstances." Id.  To be entitled to equitable tolling, petitioner must demonstrate "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418.  "The high threshold of extraordinary circumstances is necessary lest the exceptions swallow the rule." Lakey, 633 F.3d at 786 (citations and internal quotation marks omitted).

The diligence prong in Pace requires the petitioner to show he engaged in reasonably diligent efforts to file his § 2254 petition throughout the time the limitations period was running.  Mendoza v. Carey, 449 F.3d 1065, 1071 n.6 (9th Cir. 2006) (stating that equitable

7

tolling "requires both the presence of an extraordinary circumstance and the inmate's exercise of diligence"). The petitioner must also demonstrate that he exercised reasonable diligence in attempting to file his habeas petition after the extraordinary circumstances began, otherwise the "link of causation between the extraordinary circumstances and the failure to file [is] broken." Spitsyn v. Moore, 345 F.3d 796, 802 (9th Cir. 2003). The "extraordinary circumstances" prong in Pace requires the petitioner to "additionally show that the extraordinary circumstances were the cause of his untimeliness, and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotations and citations omitted). A petitioner who fails to file a timely petition due to his own lack of diligence is not entitled to equitable tolling. Tillema v. Long, 253 F.3d 494, 504 (9th Cir. 2001).

Petitioner filed the instant petition a little over six years beyond the date the statute of limitations period expired. Petitioner claims that in 2010 he obtained transcripts from the 1992 hearings on petitioner's prior convictions. However, petitioner fails to explain why he did not earlier attempt to obtain these transcripts, and provides no facts addressing his efforts, if any, made during the time the limitations period was running.

The record reflects petitioner was aware the prior conviction could have been reduced to a misdemeanor as he was present at both state court hearings where it was discussed. On August 21, 1992, petitioner was present during a change of plea hearing during which the state court specifically inquired whether petitioner was aware he was electing to plead to a count that might have major consequences in the future. (Dkt. No. 1 at 34.) The state court asked whether petitioner understood that he was "picking up what is called a serious felony," and petitioner responded that he understood. (Dkt. No. 1 at 38.) The state court then asked petitioner whether he was aware that "if in the future you are convicted of a similar serious felony, just this conviction could add five years to whatever state prison sentence you might receive?" (Dkt. No. 1 at 39.) Petitioner responded that he understood. (Id.) The state court reminded petitioner that opting to plead to the other count, offered by the prosecution as an alternative plea option, would

not be considered a serious felony, and petitioner said that he understood. (Id.) The court confirmed that petitioner opted to reduce the jail term by three months at the risk of picking up a five year enhancement, despite defense counsel's recommendation against it, and petitioner again responded that he understood. (Id.) Defense counsel confirmed that he explained to petitioner that the elected count "is a wobbler, that means at the end of probation, should [petitioner] successfully complete it, it could be reduced to a misdemeanor." (Dkt. No. 1 at 40.)

Later, on October 2, 1992, petitioner was present at the conditions of probation hearing for report and sentence. (Dkt. No. 1 at 45-46.) Petitioner was placed on felony probation and the probation terms were discussed. (Dkt. No. 1 at 46-49.) Prior to adjourning, the state court advised petitioner:

> Pay attention to what I said to you before, Mr. Williams, if you completely comply with the conditions of probation, you can, in the future, have this reduced to a misdemeanor.

(Dkt. No. 1 at 50.)

Because petitioner was advised on several occasions in 1992 as to the nature of his 1992 conviction, i.e. a "wobbler," and that it could be reduced to a misdemeanor, petitioner has not demonstrated diligence. The state court informed petitioner that he was pleading to the more serious count, and that the count would put petitioner at risk for a sentence enhancement in the future. Petitioner claims he successfully completed probation, but does not claim or produce evidence demonstrating that he sought to have the 1992 conviction reduced to a misdemeanor conviction. Petitioner states he brought his breach of contract claim "without substantial delay after information came to light supporting the claim for relief and legal basis for the claim." (Dkt. No. 17 at 4.) However, petitioner failed to explain why he did not attempt to obtain the transcripts from the 1992 proceedings until 2010. Thus, even if extraordinary circumstances existed, petitioner is not entitled to equitable tolling because petitioner was not diligent.

To the extent petitioner claims that he was unaware of the legal basis for his claims until 2010, petitioner is advised that a lack of knowledge of the law does not establish

"extraordinary circumstances" preventing him from timely filing a federal habeas petition. The Ninth Circuit has held that a petitioner's pro se status and claims of ignorance of the law are insufficient to justify equitable tolling. See Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling"); Hughes v. Idaho State Bd. of Corr., 800 F.2d 905, 909 (9th Cir. 1986) (pro se prisoner's illiteracy and lack of knowledge of law unfortunate, but insufficient to establish cause); Fisher v. Ramirez-Palmer, 219 F. Supp. 2d 1076, 1080 (E.D. Cal. 2002) ("[I]gnorance of the law does not constitute such extraordinary circumstances." ([Citations omitted.]).

Moreover, the receipt of faulty legal advice from defense counsel does not support a claim of equitable tolling. Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001). Any potential error by counsel also does not provide a basis for equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336-37 (2007).

Given the high threshold for equitable tolling, Lakey, 633 F.3d at 786, petitioner's reasons for delay do not support equitable tolling.

VII. Procedural Default

The Supreme Court has held that a court may consider an otherwise procedurally defaulted claim for habeas relief if the court's failure to hear the claim will result in a miscarriage of justice, particularly in a case where the petitioner demonstrates "actual innocence." Schlup v. Delo, 513 U.S. 298, 324-29 (1995) ('[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).)  Further, the Ninth Circuit has held that "where an otherwise time-barred habeas petitioner demonstrates that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner may pass through the Schlup gateway and have his constitutional claims heard on the merits." Lee v. Lampert, 653 F.3d 929-30 (9th Cir. 2011). Schlup requires a petitioner "to support his allegations of constitutional error with new reliable evidence -- whether

10

it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence -- that was not presented at trial." Schlup, 513 U.S. at 324. Petitioner must show that in light of all the evidence, including evidence not introduced at trial, "it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Majoy v. Roe, 296 F.3d 770, 776 (9th Cir. 2002) (stating that in order to be credible, a claim of actual innocence requires that the petitioner support his allegations of constitutional error with new reliable evidence that was not presented at trial) (quoting Schlup, 513 U.S. at 327).

  Here, petitioner does not claim factual innocence to the underlying conviction at issue in the instant petition. Rather, petitioner claims "he is actually innocent of the serious felony strike used to enhance his sentence." (Dkt. No. 17 at 8.) Petitioner's prior attempted robbery conviction from 1992 was used to enhance petitioner's 2003 sentence under California's Three Strikes Law. Petitioner also does not claim that he is factually innocent of the crimes underlying the 1992 conviction, but contends he has suffered a miscarriage of justice, entitling him to a correction of the allegedly improper sentence enhancement.

  However, the United States Supreme Court has held that, in general, habeas relief is not available to petitioners who challenge a fully expired conviction used to enhance a subsequent sentence in a petition brought under 28 U.S.C. § 2254:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

Lackawanna County Dist. Atty. v. Coss, 532 U.S. 394, 403-04 (2001) (citation omitted). In Lackawanna, the Court recognized only two limited exceptions to this general rule: (1) when the alleged constitutional violation in the prior criminal proceeding concerns the failure to appoint counsel in violation of the Sixth Amendment; and (2) when the defendant was not at fault for the

delay in seeking relief from the prior conviction, either because the state court refused to rule on the constitutional issue, or the defendant has since obtained compelling evidence of actual innocence that could not have been uncovered in a timely manner. Id. at 404-06. Neither of these exceptions applies here.

First, petitioner does not assert that he was completely denied counsel when he entered the no contest plea in his 1992 conviction. Instead, petitioner argues that in the 2003 criminal proceedings, petitioner's counsel "never investigated the circumstances of the prior plea agreement[,] and encouraged petitioner to enter into a plea bargain without being fully informed of all facts affecting disposition of the case." (Dkt. No. 17 at 4.) Indeed, the record reflects that petitioner was represented by a public defender when he entered the no contest plea in 1992. (Dkt. No. 1 at 33, 45.) Therefore, Lackawanna's first exception, alleged denial of the right to counsel, does not apply.

Second, petitioner does not allege that the state court refused to rule on his claims,[5] or that he is factually innocent of the underlying crimes, or that he has recently

---

[5] The El Dorado County Superior Court found that petitioner failed to explain the reason for the delay in filing the writ and not including the strike issue in his earlier writ, citing In re Clark, 5 Cal.4th 797 (1993). (LD 10.) However, the Superior Court also found that "[s]ubsequent specification of a felony as a misdemeanor under PC 17(b)(3) will not affect the use of the prior conviction as a strike (People v. Sipe (1995) 36 Cal.App.4th 468, 478.)" (LD 10.) The pertinent section of the Sipe opinion states:

> The balance of the sentence provides the sentence imposed shall not affect the determination, unless "the sentence automatically, upon initial sentencing, converts the felony to a misdemeanor." (§ 667, subd. (d)(1).) The statute then sets forth various dispositions that will not affect the felony/misdemeanor determination. Read in context, the "determination" at issue must be whether the prior conviction "is a prior felony conviction" rather than a conviction for a misdemeanor. This determination is made "upon the date" of the conviction, so subsequent events, such as a reduction to a misdemeanor (§ 17, subd. (b)(3)), will not affect its classification as a felony conviction.

People v. Sipe, 36 Cal.App.4th at 478. Petitioner has adduced no evidence demonstrating that the 1992 felony conviction provided for the automatic conversion from a felony to a

discovered compelling evidence of his factual innocence. While petitioner states "he is actually innocent of the serious felony strike used to enhance his sentence" (dkt. no. 17 at 8), he argues that the 1992 conviction should be a misdemeanor conviction, not a felony conviction, and therefore should not have been used to enhance his 2003 sentence. Petitioner does not claim he is factually innocent of the crimes underlying the 1992 conviction, or produce evidence demonstrating that he is factually innocent of the those crimes. Therefore, the second Lackawanna exception does not apply here.

Petitioner's 1992 conviction expired before his 2003 conviction. Because neither of the Lackawanna exceptions applies, the petition should be dismissed.

Finally, because petitioner has not demonstrated his factual innocence, petitioner has failed to show that there has been a fundamental miscarriage of justice. Thus, petitioner's procedural default is not excusable.

VIII. Conclusion

Because this action is barred by the statute of limitations, IT IS HEREBY RECOMMENDED that respondent's August 23, 2011 motion to dismiss (dkt. no. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if

---

misdemeanor. Rather, the record demonstrates that petitioner was required to successfully complete his three year probation, then petitioner could seek to have the felony conviction reduced to a misdemeanor.

1  the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.
2  § 2253(c)(3).  Any reply to the objections shall be served and filed within fourteen days after
3  service of the objections.  The parties are advised that failure to file objections within the
4  specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951
5  F.2d 1153 (9th Cir. 1991).
6  DATED: October 24, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will1503.mtd